Doyle, P. J.
This is a report by the trial court pursuant to G. L. c.218, § 23[3] of a procedural issue relative to the defendants’ demand forjury trial in a small claims action.
Judgment was entered for the.plaintiffs in the Chelsea Division of the District Court Department. The defendants thereafter appealed the case to the Small Claims Jury Division of the Boston Municipal Court Department. On November 30, 1987, the jury division entered the following order:
The above entitled Small Claims Jury Appeal was called for JuryTrial on November 30,1987 at 9:30 A.M. with the following results: Plaintiff appeared, Defendant failed to answer, Court ordered ‘Appeal Dismissed.’ Court further orders appeal to be returned to Chelsea District Court.
On December 16,1987, the defendants filed a motion “To-Vacate the Order Pursuant to Rule 60(b)” in the jury division. The clerk’'of said division thereafter notified the defendants by letter that: “This action has- been returned to Chelsea District Court. Motion should be brought in Chelsea.”
The-defendants, filed their Rule 60(b) motion in the Chelsea divison on January 5, 1988. In an accompanying affidavit, defendants’ counsel asserted that he had received no notice of trial from the jury division..
In the G.L. c.218, § 23 report now before this Division, the trial court has framed for our review questions pertaining to the proper procedural disposition of the defendants’ Rule 60(b) motion. Specifically, the court has queried whether said motion should be heard and determined in the Chelsea Divison; whether the case, including the pending motion, should be retrans-ferred to the Boston Municipal Court Small Claims Jury Division; or whether the defendants are required to refile their motion in the jury division with a request that the case be recalled by that division from Chelsea.
Rule 10 of the Uniform Small Claims Rules, as amended April 1, 1987, *142 governs ail small claims appeals to jury sessions in this Commonwealth. Subsection (d) of Rule 10 provides, inter alia:
Any post-trial motion filed within ten days after the entry of judgment shall be filed in the jury session and heard by the judge who presided over the trial. . .
Unless the judge orders otherwise, upon the expiration of ten days after judgment, the case shall be retransferred to the division from which it was appealed. . .
Any motions which are filed after the case has been retransferred shall be filed in the division to which the claim has been retransferred. The clerk-magistrate shall transmit any such motion that affects the judgment to the judge who presided over the trial in the jury session, who may determine such motion, with or without hearing, wherever he or she is then sitting. Other motions that affect only an order for judgment or proceedings to enforce the judgment' may be heard by any judge sitting in the division to which the claim has been retransferred.
Rule 10(d) thus sets forth an outline of trial court and jury division “jurisdiction” of post-appeal proceedings in small claims cases.
Pursuant to Rule 10(d), the jury division properly retransferred this case to the Chelsea Divison ten days after the entry of its November 30, 1987 order dismissing the defendants’ appeal. The defendants’ December 16, 1987 Rule 60(b) motion to vacate said order should have been filed in the Chelsea Division. This oversight was corrected, however, by the defendants’ submission of a new Rule 60(b) motion to the Chelsea court on January 5, 1988. No discernible prejudice could be deemed to have resulted from a delay of only twenty days between the filings of the defendants’ first and second motions.
The defendants’ Rule 60(b) motion is clearly designed to “affect the judgment” of the jury divison rather than merely an “order for payment or proceedings to enforce the judgment.” Accordingly, the clerk-magistrate of the Chelsea Division should now transmit the defendants’ Rule 60(b) motion and accompanying affidavit to the Small Claims Jury Division of the Boston Municipal Court Department for determination by that court. We recognize that Rule 10(d) provides for such transmittal directly “to the judge who presided over the trial in the jury session" and that no jury trial has yet been held in this case. Under these circumstances, any justice of the Boston Municipal Court Department Small Claims Jury Division would be authorized to entertain and dispose of the defendants’ motion.

General Laws c. 218, § 23, as amended by St. 1986, c. 295, provides, in relevant part: “If the court is of the opinion that a question of law requires review, it may submit the matter, in the form of a report of a case stated, to the appellate division.